**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-11-0000707**
**06-MAR-2012**
**09:14 AM**

No. CAAP-11-0000707

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


McGRATH PROPERTIES, I, LLC a Hawaii Limited
Liability Company, Plaintiff,
and
SUZANNE M. KITAMURA, as Custodian for
Dominique Angle Funes, a minor child,
born on 12/13/96, Plaintiff-Appellant,
vs.
AOAO OF LIHUE TOWNHOUSE; CONRAD MURASHIGE;
SHANNON BRUNNER; RAE NISHIKAWA; PATRICK MAHER;
MARK MYERS AND RE3, LLC, REAL ESTATE
SERVICES, Defendants-Appellees

ORDER GRANTING FEBRUARY 10, 2012 MOTION TO
DISMISS APPEAL FOR LACK OF APPELLATE JURISDICTION
(By: Foley, Presiding Judge, Fujise and Leonard, JJ.)

Upon review of (1) Defendant/Counterclaim-Plaintiff/
Appellee Association of Apartment Owners of Lihue Townhouse
(Appellee AOAO Lihue Townhouse) and Defendants-Appellees Conrad
Murashige (Appellee Murashige), Shannon Brunner (Appellee
Brunner), Rae Nishikawa (Appellee Nishikawa), Patrick Maher
(Appellee Maher), Mark Myers (Appellee Myers), and RE3, LLC, Real
Estate Services' (Appellee RE3 LLC Real Estate Services)
February 10, 2012 motion to dismiss appellate court case number
CAAP-11-0000707 for lack of jurisdiction,

(2) the lack of any memorandum in opposition to Appellees AOAO Lihue Townhouse, Murashige, Brunner, Nishikawa, Maher, Myers, and RE3 LLC Real Estate Services' February 10, 2012 motion to dismiss appellate court case number CAAP-11-0000707 for lack of jurisdiction, and (3) the record, it appears that we lack jurisdiction over Plaintiff/Counterclaim-Defendant/Appellant Suzanne Kitamura's (Appellant Kitamura) appeal from the Honorable Kathleen N.A. Watanabe August 29, 2011 "Order Granting Motion to Withdraw as Counsel for Plaintiffs McGrath Properties I, LLC, and Suzanne Kitamura" (the August 29, 2011 interlocutory order) because the circuit court has not yet entered a final judgment on all claims pursuant to Rule 58 of the Hawaiʻi Rules of Civil Procedure (HRCP), and the August 29, 2011 interlocutory order is not independently appealable pursuant to Hawaii Revised Statutes (HRS) § 641-1(a) (1993 & Supp. 2011).

HRS § 641-1(a) authorizes appeals to the intermediate court of appeals only from final judgments, orders, or decrees. Appeals under HRS § 641-1 "shall be taken in the manner . . . provided by the rules of court." HRS § 641-1(c). HRCP Rule 58 requires that "[e]very judgment shall be set forth on a separate document." Based on HRCP Rule 58, the Supreme Court of Hawaiʻi holds "[a]n appeal may be taken . . . only after the orders have been reduced to a judgment and the judgment has been entered in favor of and against the appropriate parties pursuant to HRCP [Rule] 58[.]" Jenkins v. Cades Schutte Fleming & Wright, 76 Hawaiʻi 115, 119, 869 P.2d 1334, 1338 (1994). "An appeal from an order that is not reduced to a judgment in favor or against the party by the time the record is filed in the supreme court will be dismissed." Id. at 120, 869 P.2d at 1339 (footnote omitted). The circuit court has not yet entered a separate judgment on all claims in this case. Absent a separate judgment, the August 11, 2011 interlocutory order is not eligible for appellate review.

2

Although exceptions to the final judgment requirement exist under the Forgay v. Conrad, 47 U.S. 201 (1848), doctrine (the Forgay doctrine), the collateral order doctrine, and HRS § 641-1(b), the August 11, 2011 interlocutory order does not satisfy the requirements for appealability under the Forgay doctrine, the collateral order doctrine, and HRS § 641-1(b). See Ciesla v. Reddish, 78 Hawaiʻi 18, 20, 889 P.2d 702, 704 (1995) (regarding the two requirements for appealability under the Forgay doctrine); Abrams v. Cades, Schutte, Fleming & Wright, 88 Hawaiʻi 319, 322, 966 P.2d 631, 634 (1998) (regarding the three requirements for appealability under the collateral order doctrine); HRS § 641-1(b) (regarding the requirements for an appeal from an interlocutory order). We note, in particular, that under analogous circumstances, the Supreme Court of Hawaiʻi has held that an order granting a motion to disqualify counsel is not appealable under the collateral order doctrine. Chuck v. St. Paul Fire and Marine Ins. Co., 61 Haw. 552, 556-57, 606 P.2d at 1323-24 (1980). Instead, the Supreme Court of Hawaiʻi "has determined that a petition for a writ of mandamus and/or prohibition is an appropriate vehicle for reviewing an order of disqualification." Straub Clinic & Hospital v. Kochi, 81 Hawaiʻi 410, 414, 917 P.2d 1284, 1288 (1996) (citation omitted). Similarly in the instant case, an order granting counsel's motion to withdraw from representing a party is not immediately appealable by the party under the collateral order doctrine. Therefore, the August 11, 2011 interlocutory order is not an appealable order. Absent an appealable separate judgment, Appellant Kitamura's appeal is premature, and we lack appellate jurisdiction over appellate court case number CAAP-11-0000707.

Accordingly,

IT IS HEREBY ORDERED that Appellees AOAO Lihue Townhouse, Murashige, Brunner, Nishikawa, Maher, Myers, and RE3 LLC Real Estate Services' February 10, 2012 motion to dismiss appellate court case number CAAP-11-0000707 for lack of

3

jurisdiction is granted, and this appeal is dismissed for lack of appellate jurisdiction.

DATED: Honolulu, Hawai'i March 6, 2012.

Jonathan L. Ortiz
Wade J. Katano
(Ortiz & Katano)
for Defendants-Appellees
on the motion.

Presiding Judge

Associate Judge

Associate Judge